IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Elliott Farmer, #2701 ) | Civil Action No.: 8:07-2955-GRA-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION OF** |
| ) | **MAGISTRATE JUDGE** |
| Simon Major; Darrly McGainey, ) | |
| Medical Staff SLRDC; and Anthony ) | |
| Dennis ) | |
| | |
| Defendant. | |

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On November 15, 2007, the defendants filed a motion to dismiss. On November 19, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), an order was mailed to the plaintiff's last known address (Sumter Lee Regional Detention Center, 1250 Winkles Road, Sumter, SC 29153) advising him of the summary judgment procedure and the possible consequences if he failed to respond adequately. On November 28, 2007, the envelope containing the Roseboro Order was returned to the court marked "Undeliverable, Return to Sender, Refused by Institution."

As the plaintiff is proceeding *pro se*, the court filed a second order on December 3, 2007, giving the plaintiff through December 26, 2007, to file his response to the motion to dismiss. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. On December 11, 2007, that envelope was also returned to the court marked "Return to Sender, Refused, Unable to Forward."

The record reveals that the plaintiff was advised by order dated September 5,

2007, of his responsibility to notify the court *in writing* if his address changed. As the plaintiff has failed to properly inform the court of his address change or respond to the motion for summary judgment, it appears to the court that he wishes to abandon this action. Therefore, based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

/s/ Bruce H. Hendricks
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

December 12, 2007
Greenville, South Carolina